# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>v.<br><br>$10,000 IN UNITED STATES CURRENCY,<br><br>　　　　Defendant. | 2:20-CV-1782-GMN-VCF<br><br>**Default Judgment of Forfeiture and Final Judgment of Forfeiture** |

## I. FACTS

On May 12, 2020, postal inspectors were notified of a Priority Mail Express parcel that had broken open during the normal course of processing and handling by USPS, exposing contents (described below) indicative of illegal-drugs trafficking.

The postal inspectors reported to the parcel's location—the Las Vegas Processing and Distribution Center in Nevada—and inspected the parcel.

The parcel's sender was listed as Tanisha Hanson (Hanson) and displayed an Austin, Minnesota mailing address.

The parcel's intended recipient was listed as Jamal Ellzey (Ellzey) and displayed a Las Vegas, Nevada mailing address.

The postal inspectors observed the readily viewable contents of the parcel, which included cash-shaped bundles wrapped in carbon paper. In the illegal-drugs trade, carbon paper is utilized by individuals attempting to mask items from scanning and odor-detecting technologies.

A canine-handler/officer employed by the Las Vegas Metropolitan Police Department deployed his certified, reliable canine—trained to detect the odor of illegal

drugs. The canine alerted to the presence of the odor of illegal drugs coming from the parcel.

Further investigation disclosed that Hanson was an individual associated with the sender's address.

Further investigation disclosed that Ellzey was an individual associated with the recipient's address, though it was discovered that Ellzey's first name was spelled slightly differently: "Jamel" rather than "Jamal."

On May 13, 2020, the postal inspectors located a telephone number for Ellzey and contacted him by telephone.

    a. When asked whether he was expecting a parcel, Ellzey said "yes" and indicated that the parcel contained DVDs.

    b. When asked whether the parcel contained anything other than DVDs, Ellzey said "no."

    c. At that juncture, the postal inspectors indicated that the parcel appeared to contain something other than DVDs, wrapped in carbon paper.

    d. Ellzey then said that he was also expecting currency in the parcel.

    e. When asked how much currency he was expecting, Ellzey was unable to identify the amount and, when asked again, said that he did not know.

    f. When asked what the money would be used for, Ellzey stated that it was for a poker tournament at a local casino but, then, added that the tournament would take place after the casino reopened, following the Covid-19 shutdown.

    g. When asked why the currency was not deposited into a bank account, Ellzey did not answer.

    h. When asked why the currency was wrapped in carbon paper, Ellzey provided no explanation.

The postal inspectors then asked Ellzey for consent to open the parcel, which Ellzey granted.

Inside the parcel, the postal inspectors discovered, in addition to three DVDs, three bundles of United States currency wrapped in carbon paper.

A subsequent count of the currency revealed that it totaled $10,000. It was composed of the following:

  i. $4,000 in $100 bills (40 bills);

  j. $3,200 in $50 bills (64 bills);

  k. $2,780 in $20 bills (139 bills); and

  l. $20 in $10 bills (2 bills).

Currency involved in the illegal-drugs trade is often composed heavily of small denominations, particularly $20 bills.

Subsequent investigation revealed that on May 13, 2020, the Austin, Minnesota post office issued a refund (in the form of a postal money order) for the parcel's postage to an individual named Anthony Wadley (Wadley), who, in turn, cashed the money order.

Subsequent investigation revealed that Wadley was also associated with the parcel's return address.

Subsequent investigation revealed three convictions of Wadley for drugs-related crimes:

  m. On December 2, 2004, Wadley was convicted in Illinois of felony possession of illegal drugs;

  n. On September 18, 2009, Wadley was convicted in Minnesota of felony possession of illegal drugs; and

  o. On August 11, 2014, Wadley was convicted in Minnesota of felony possession of illegal drugs.

On or around August 7, 2020, Hanson submitted an administrative-claim form with USPS. In it, Hanson stated that the currency was being sent to "a friend for paying off a debt and to purchase a car." Previously, Ellzey had stated that the currency was intended for a poker tournament at a casino at some point in the future.

The $10,000 in United States currency is the entirety of the defendant currency.

## II. PROCEDURE

On September 24, 2020, the United States filed a verified Complaint for Forfeiture in Rem, ECF No. 1, alleging that the $10,000 in United States currency (defendant property):

    a. is all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    b. is all proceeds traceable to an exchange for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6);

    c. is all moneys, negotiable instruments, and securities used or intended to be used to facilitate violations of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6); and

    d. is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of any offense constituting "specified unlawful activity," here Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.* (incorporated through 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D)), or a conspiracy to commit such offense, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C).

On November 23, 2020, the Court entered an Order for Summons and Warrant of Arrest in Rem for the Property and Notice, ECF No. 4, and the Clerk issued the Summons and Warrant of Arrest in Rem, ECF No. 5.

*/ / /*

Pursuant to the Order, ECF No. 4, the following documents were served on the defendant property and all persons or entities who may claim an interest in the defendant property: the Complaint, ECF No. 1, the Order, ECF No. 4, the Summons and Warrant, ECF No. 5, and the Notice of Complaint for Forfeiture. Notice was published according to law.

Pursuant to Supplemental Rule for Admiralty or Maritime Claims and Asset Forfeiture Actions (Fed. R. Civ. P. Supp. Rule) G(5), all persons or entities interested in the defendant property were required to: (1) file a verified claim, setting forth the person's or its interest in the property, that (a) identified the specific property claimed, (b) identified the claimant and stated the claimant's interest in the property, and (c) was signed by the claimant under penalty of perjury pursuant to 28 U.S.C. § 1746; (2) file the verified claim with the Clerk of the above-entitled Court no later than 35 days after the notice was sent or, if direct notice was not sent, no later than 60 days after the first day of publication on the official internet government forfeiture site, www.forfeiture.gov; (3) file an answer to the Complaint for Forfeiture in Rem or a motion under Rule 12 with the Clerk of the Court, Lloyd D. George United States Courthouse, 333 Las Vegas Boulevard South, Las Vegas, NV 89101, no later than 21 days after filing the verified claim; and (4) serve a copy of the verified claim and the answer at the time of each filing on James A. Blum, Assistant United States Attorney, 501 Las Vegas Boulevard South, Suite 1100, Las Vegas, Nevada 89101. Complaint, ECF No. 1; Order for Summons and Warrant, ECF No. 4; Summons and Warrant, ECF No. 5.

On November 25, 2020, the United States Marshals Service served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest by executing them on the defendant property. Notice of Take into Custody, ECF No. 6-1, p. 2.

Public notice of the forfeiture action and arrest was given to all persons and entities by publication via the official internet government forfeiture site, www.forfeiture.gov, from

January 16, 2021, through February 14, 2021. Notice of Filing Proof of Publication, ECF No. 7-1, p. 5.

On January 13, 2021, the United States Attorney's Office served Jamal (Jamel) Ellzey by regular and certified return receipt mail with the Complaint for Forfeiture in Rem, the Order for Summons and Warrant of Arrest in Rem for the Property, the Summons and Warrant of Arrest in Rem, and the Notice of Complaint for Forfeiture and Arrest. Notice of Filing Service of Process – Mailing, ECF No. 8-1, p. 3, 5-6, 8-22, 24-26, 37.

On January 13, 2021, the United States Attorney's Office served and attempted to serve Jamal (Jamel) Ellzey by regular mail and certified return receipt mail with the Complaint for Forfeiture in Rem, the Order for Summons and Warrant of Arrest in Rem, the Summons and Warrant of Arrest in Rem, and the Notice of Complaint for Forfeiture and Arrest. The certified mail was returned as unclaimed and unable to forward. Notice of Filing Service of Process – Mailing, ECF No. 8-1, p. 3, 5-6, 8-22, 27-30.

On January 13, 2021, the United States Attorney's Office served Tanisha Hanson by regular and certified return receipt mail with the Complaint for Forfeiture in Rem, the Order for Summons and Warrant of Arrest in Rem for the Property, the Summons and Warrant of Arrest in Rem, and the Notice of Complaint for Forfeiture and Arrest. Notice of Filing Service of Process – Mailing, ECF No. 8-1, p. 3, 5-6, 8-22, 31-33, 37.

On January 13, 2021, the United States Attorney's Office served Anthony Wadley by regular and certified return receipt mail with the Complaint for Forfeiture in Rem, the Order for Summons and Warrant of Arrest in Rem for the Property, the Summons and Warrant of Arrest in Rem, and the Notice of Complaint for Forfeiture and Arrest. Notice of Filing Service of Process – Mailing, ECF No. 8-1, p. 3, 5-6, 8-22, 34-37.

On January 15, 2021, the United States Marshals Service attempted to personally serve the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the
/ / /

Notice of Complaint for Forfeiture and Arrest on Jamal (James) Ellzey. Notice of Filing Service of Process – Personal Service, ECF No. 9-1, p. 3.

No person or entity has filed a claim, answer, or responsive pleading within the time permitted by 18 U.S.C. § 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

On April 22, 2021, the United States filed a Motion for Entry of Clerk's Default against the $10,000 in United States Currency, Jamal (Jamel) Ellzey, Tanisha Hanson, Anthony Wadley, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. Motion for Entry of Clerk's Default, ECF No. 10.

On May 6, 2021, the Clerk of the Court entered a Default against the $10,000 in United States Currency, Jamal (Jamel) Ellzey, Tanisha Hanson, Anthony Wadley, and all persons or entities who may claim an interest in the defendant property in the above-entitled action. Entry of Clerk's Default, ECF No. 11.

Jamal (Jamel) Ellzey is not in the military service within the purview of the Servicemembers Civil Relief Act of 2003.

Tanisha Hanson is not in the military service within the purview of the Servicemembers Civil Relief Act of 2003.

Anthony Wadley is not in the military service within the purview of the Servicemembers Civil Relief Act of 2003.

Jamal (Jamel) Ellzey is neither a minor nor an incompetent person.

Tanisha Hanson is neither a minor nor an incompetent person.

Anthony Wadley is neither a minor nor an incompetent person.

**III. The Requirements for Default were met.**

  **A. Legal Standard**

Civil forfeiture cases have five requirements that must be fulfilled to complete a default: (1) the judgment sought does not differ in kind from, or exceed in amount, what is demanded in the pleadings pursuant to Fed. R. Civ. P. 54(c); (2) the Clerk of the Court has entered default for a sum certain pursuant to Fed. R. Civ. P. 55(b)(1); (3) publication and personal service were completed pursuant to Fed. R. Civ. P. Supp. Rule G(4); (4) the

Complaint is legally sufficient to support a reasonable belief that the government will be able to meet its burden of proof pursuant to Fed. R. Civ. P. Supp. Rule G(2), *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988); and (5) no person has filed a claim, or the claim(s) have been resolved under 18 U.S.C. § 983(a)(4)(A) or Supp. R. G(5).

Civil cases that do not directly address forfeiture have seven factors that the Court must consider before entry of default: (1) the substantive merit of the plaintiff's claims; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to the plaintiff if relief is denied; (5) the possibility of disputes to any material facts in the case; (6) whether default resulted from excusable neglect; and (7) the public policy favoring resolution of cases on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986); *SATA GmbH & Co. KG v. USA Italco Int'l Ltd.*, No. 3:18-CV-00351-MMD-WGC, 2019 WL 4601513, at *3 (D. Nev. Sept. 20, 2019); *Covenant Care California, LLC v. Shirk*, No. 217CV00956JADVCF, 2018 WL 3429669, at *1 (D. Nev. July 16, 2018).

For purposes of a default judgment, the well-pled allegations of a complaint are taken as true. *Televideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 918 (9th Cir. 1987). Furthermore, upon default, the defendant's liability is conclusively established and the factual allegations in the complaint, except those relating to damages, are accepted as true. *Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977). The power to grant or deny relief upon an application for default judgment is within the discretion of the Court. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

**B. The Forfeiture Requirements for Default Were Met.**

    a. <u>Judgment Sought</u>

Pursuant to Fed. R. Civ. P. 54(c) and 55(b), the judgment by default does not "differ in kind from, or exceed [the] amount" of relief listed in the Complaint for forfeiture.

    b. <u>Default and Entry of Default</u>

As shown above, the United States requested entry of Clerk's Default against the $10,000 in United States Currency, Jamal (Jamel) Ellzey, Tanisha Hanson, Anthony Wadley, and all persons or entities who may claim an interest in the defendant property in

the above-entitled action. ECF No. 10. The Clerk entered the Default as requested. ECF No. 11.

      c. Notice

Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(a)(iv)(C), the United States published notice via the official internet government forfeiture site, www.forfeiture.gov, for thirty consecutive days. ECF No. 7. Pursuant to Fed. R. Civ. P. Supp. Rule G(4)(b), the United States served the Complaint, the Order for Summons and Warrant of Arrest in Rem for the Property and Notice, the Summons and Warrant of Arrest in Rem for the Property, and the Notice of Complaint for Forfeiture and Arrest on all known potential claimants. ECF Nos. 8 and 9.

      d. Legal Sufficiency of the Complaint

The Complaint filed in this action was verified. The Court has subject matter jurisdiction, in rem jurisdiction over the defendant property, and venue. The Complaint described the property with reasonable particularity. The Complaint stated where the seizure of the defendant property occurred and its current location. The Complaint identified the statute under which the forfeiture action has been brought. The Complaint alleged sufficiently detailed facts to support a reasonable belief that the United States would be able to meet its burden of proof at trial. Supp. R. G(2); ECF No. 1.

      e. Status of Potential Claimants

No person or entity has filed a claim and the time to file a claim has passed.

**C. The Civil Requirements for Default Were Met.**

      a. The Plaintiff Would be Prejudiced Without a Judgment

The government would be prejudiced if it were to try this case rather than obtain a default judgment, since a trial would require the additional expenditure of human and financial resources. These expenses and efforts are unnecessary because the Complaint established sufficient evidence of the status and forfeitability of the defendant property, and that evidence is uncontested by Jamal (Jamel) Ellzey, Tanisha Hanson, Anthony Wadley. *See United States v. $150,990.00 in U.S. Currency*, No. 2-12-CV-01014-JAD, 2014 WL

6065815, at *2 (D. Nev. Nov. 10, 2014), ("[T]he government would be prejudiced by having to expend additional resources litigating an action that appears to be uncontested. This factor favors default judgment.").

b. & c. <u>The Plaintiff's Claims are Meritorious and the Complaint is Sufficient.</u>

As shown in the statement of the case above, the government has a bona fide case against the defendant property and the Complaint sufficiently alleges the facts of the case.

d. <u>The Amount of Money at Stake</u>

The value of the defendant property was clearly established in the Complaint, ECF No. 1, and the defendant property is forfeitable pursuant to 21 U.S.C. § 881(a)(6).

> Under the fourth *Eitel* factor, the court considers the amount of money at stake in relation to the seriousness of Defendants' conduct. Plaintiff has provided evidence that the currency, a sum of $24,000, was furnished or intended to be furnished in exchange for marijuana, a serious violation of federal law.
>
> *United States v. Twenty-Four Thousand Dollars ($24,000) in U.S. Currency*, No. 02:09-CV-2319-LRH, 2010 WL 2695637, at *3 (D. Nev. July 2, 2010) (quotation marks and citation omitted).

The Complaint alleges the serious crime of exchanging or intending to exchange moneys, negotiable instruments, securities, or other things of value for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq*. The money at stake is the tainted currency related to a completed or contemplated illegal-drugs transaction in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.,* and proceeds traceable to the violations.

e. <u>There Are No Possible Disputes of Material Fact</u>

No issues of material fact exist, and the allegations of the Complaint are established as a matter of law. The property is subject to forfeiture because law enforcement can demonstrate that the defendant property:

    a. is all moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished in exchange for a controlled substance or listed chemical in violation of Subchapter I of

     the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

  b. is all proceeds traceable to an exchange for a controlled substance or listed chemical in violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

  c. is all moneys, negotiable instruments, and securities used or intended to be used to facilitate violations of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, and is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6).

  d. is any property, real or personal, which constitutes or is derived from proceeds traceable to a violation of Subchapter I of the Controlled Substances Act, 21 U.S.C. § 801, *et seq.*, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(D), or a conspiracy to commit such offense, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C)

  f. <u>Default Was Not the Result of Excusable Neglect</u>

The record shows that the claimant and potential claimants were properly served with the Complaint, Order, Summons and Warrant, and the Notice and failed to file a claim and answer to the Complaint. There is no evidence of excusable neglect.

  g. <u>Public Policy Does not Prevent Default Judgment</u>

Under Fed. R. Civ. P. 55(b), default judgments are allowed. Here, the potential claimants did not file a claim and an answer to the government's Complaint.

> While the Federal Rules do favor decisions on the merits, they also frequently permit termination of cases before the court reaches the merits. As F.R.C.P. 55 indicates, one such instance is when a party fails to defend against an action, which is exactly what [claimant(s)] failed to do in this case. Thus, the preference to decide cases on the merits does not preclude a court from granting default judgment.

*Kloepping v. Fireman's Fund*, No. C 94-2684 TEH, 1996 WL 75314, at \*3 (N.D. Cal. Feb. 13, 1996).

11

Denying the government's motion would not further public policy. While cases should be decided on the merits when possible, the potential claimants have not contested the facts of the Complaint or the forfeiture of the defendant property, which makes a decision on the merits impractical. Therefore, a final default judgment of forfeiture is appropriate. *See Covenant Care California*, 2018 WL 3429669, at *2.

**IV. Judgment**

Based on the foregoing this Court finds that the United States has shown its entitlement to a Default Judgment of Forfeiture as to Jamal (Jamel) Ellzey, Tanisha Hanson, Anthony Wadley, and all persons or entities who may claim an interest in the defendant property and Final Judgment of Forfeiture as to $10,000 in United States Currency.

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Default Judgment of Forfeiture is entered against Jamal (Jamel) Ellzey, Tanisha Hanson, Anthony Wadley, and all persons or entities who may claim an interest in the defendant property in the above-entitled action.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Final Judgment of Forfeiture is entered against the $10,000 in United States Currency.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the defendant property be, and the same is hereby forfeited to the United States of America, and no possessory rights, ownership rights, and no rights, titles, or interests in the property shall exist in any other party.

IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable cause for the seizure or arrest of the defendant property.

Dated this 2 day of July, 2021.

_____
Gloria M. Navarro, District Judge
United States District Court